**SANDERS ASSOCIATES, INC., Plaintiff,**

v.

**SUMMAGRAPHICS CORPORATION, Defendant.**

**Civ. A. No. 87–0476–S.**

United States District Court, D. Massachusetts.

Feb. 8, 1988.

Thomas C. O'Konski, Cesari and McKenna, Boston, Mass., for plaintiff.

Eric A. Deutsch, Timothy C. Blank, Testa, Hurwitz & Thibeault, Boston, Mass., James David Jacobs, Dennis M. Flaherty, Rosen, Dainow & Jacobs, New York City, for defendant.

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, ON PLAINTIFF'S MOTION FOR SEPARATE TRIAL AND OTHER MISCELLANEOUS MOTIONS**

SKINNER, District Judge.

It is clear from the mass of papers recently transferred to me that counsel in this case have indulged themselves in adversarial excess. When I see a caption like "Plaintiff's Memorandum in Opposition to Defendant's Motion For Leave to File a Memorandum in Reply to Supplemental Kirtley Affidavit and in Sur–Reply to Plaintiff's Motion to Strike and Plaintiff's Second Motion for Costs," I know there is Trouble in River City, and it's not spelled P–O–O–L.

At issue are two genuine questions of fact: (1) even on the defendant's theory that equivalence must be established with respect to the separate elements of claim, there is a genuine dispute as to whether the defendant's device infringes under the doctrine of equivalence; (2) there is a dispute as to whether the Rogers patent was procured by fraud. *Graver Mfg. Co. v. Linde Co.*, 339 U.S. 605, 609, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950); *Palumbo v. Don–Joy Co.*, 762 F.2d 969, 975 (Fed.Cir. 1985). The motion for summary judgment is DENIED.

The motion to bifurcate the patent validity and infringement issues from the antitrust counterclaim is ALLOWED.

All other pending motions are DENIED. The various Rule 11 motions all depend upon the movant being right on the disputed facts and the defendant being wrong. Let us waste no more time and proceed with the real issues in the case.